Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RIDING FILMS, INC.<br><br>Plaintiff<br><br>v.<br><br>JOHN DOES 1- 65<br><br>Defendants. | Case No. 2:13-CV-00287<br><br>FIRST AMENDED ANSWER AND COUNTERCLAIM<br><br>Jury Demanded |

Defendant Mary Kauffmann hereby responds to Plaintiff Riding Films, Inc.'s Complaint. Defendant **Mary Kauffmann** is identified in Plaintiff's Complaint by I.P. Address **24.22.214.115**. In answer to the complaint, Ms. Kauffmann states as follows:

**Jurisdiction And Venue**

1.   Admitted that this is an action which purports to recite a claim for copyright infringement and contributory copyright infringement.  Denied that the action has merit.

2.   Admitted.

3.   Defendant admits only that this Court has personal jurisdiction.  All other allegations are denied.

ANSWER AND COUNTERCLAIM
Cause No. 2:13-CV-00287

Page 1

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA  98101
(p) 206.436.8500  (f) 206.694.2203

**JOINDER**

4. Defendant denies any involvement in any act related to, or even any knowledge of, the "Motion Picture." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies those allegations.

5. Defendant denies any involvement in any "swarm." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 and therefore denies those allegations.

6. Defendant denies any involvement in any "swarm." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 and therefore denies those allegations.

7. Defendant denies any involvement in any "swarm." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 and therefore denies those allegations.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies those allegations.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies those allegations.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies those allegations.

ANSWER AND COUNTERCLAIM
Cause No. 2:13-CV-00287

Page 2

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
(p) 206.436.8500  (f) 206.694.2203

11. Denied as to Ms. Kauffmann. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and therefore denies those allegations.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies those allegations.

13. Defendant denies any participation in any infringement. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies those allegations.

14. Defendant denies any participation in any infringement. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies those allegations.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies those allegations.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and therefore denies those allegations.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies those allegations.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies those allegations.

ANSWER AND COUNTERCLAIM
Cause No. 2:13-CV-00287
Page 3

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
(p) 206.436.8500 (f) 206.694.2203

# PARTIES

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies those allegations.

20. Denied that Ms. Kauffmann participated in any swarm. Denied that the National Security Agency developed the "hashing" algorithm; Hans Luhn is generally credited with creating the concept of a hashing algorithm while he was a computer scientist at IBM. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 and therefore denies those allegations.

21. Denied.

22. Denied that Ms. Kauffmann participated in any infringement. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 and therefore denies those allegations.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies those allegations.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies those allegations.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies those allegations.

# PARTIES

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies those allegations.

20. Denied that Ms. Kauffmann participated in any swarm. Denied that the National Security Agency developed the "hashing" algorithm; Hans Luhn is generally credited with creating the concept of a hashing algorithm while he was a computer scientist at IBM. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 and therefore denies those allegations.

21. Denied.

22. Denied that Ms. Kauffmann participated in any infringement. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 and therefore denies those allegations.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies those allegations.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies those allegations.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies those allegations.

ANSWER AND COUNTERCLAIM
Cause No. 2:13-CV-00287

Page 4

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
(p) 206.436.8500  (f) 206.694.2203

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies those allegations.

## THE COPYRIGHT

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies those allegations.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and therefore denies those allegations.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and therefore denies those allegations. Specifically, on information and belief, Plaintiff may not be the true copyright owner or owns less than sufficient rights in the work to maintain this action.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and therefore denies those allegations. Specifically, on information and belief, Plaintiff may not be the true copyright owner or owns less than sufficient rights in the work to maintain this action.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and therefore denies those allegations.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and therefore denies those allegations.

ANSWER AND COUNTERCLAIM
Cause No. 2:13-CV-00287

Page 5

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA  98101
(p) 206.436.8500  (f) 206.694.2203

## COPYRIGHT INFRINGEMENT AND BITTORRENT

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and therefore denies those allegations.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and therefore denies those allegations.

35. Denied that Ms. Kauffmann visited any such "torrent site." Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and therefore denies those allegations.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and therefore denies those allegations.

37. Denied that the National Security Agency developed the concept of a hashing algorithm. Denied that a hash value acts as a "roadmap" to anything, least of all IP addresses. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and therefore denies those allegations.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and therefore denies those allegations.

39. Denied.

ANSWER AND COUNTERCLAIM
Cause No. 2:13-CV-00287

Page 6

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA  98101
(p) 206.436.8500  (f) 206.694.2203

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and therefore denies those allegations.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and therefore denies those allegations. The phrase "in this is Hash" is not understood, and therefore denied.

42. Denied that Ms. Kauffmann participated in any swarm. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42 and therefore denies those allegations.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and therefore denies those allegations.

44. Denied that Ms. Kauffmann participated in any infringement. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and therefore denies those allegations.

45. Denied that Plaintiff identified Defendant publishing the Motion Picture via BitTorrent or any other method. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 and therefore denies those allegations.

46. Denied that Plaintiff created the Motion Picture. On information and belief, Plaintiff has never created anything except lawsuits.

ANSWER AND COUNTERCLAIM
Cause No. 2:13-CV-00287
Page 7

Whitaker Law Group
1218 Third Avenue, Suite 1809
Seattle, WA 98101
(p) 206.436.8500 (f) 206.694.2203

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and therefore denies those allegations.

48. Denied that Ms. Kauffmann distributed the Motion Picture in any way, least of all by BitTorrent. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48 and therefore denies those allegations.

49. Denied.

**Defendants Are Members Of BitTorrent Swarm**

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

55. Defendant repeats each denial of paragraphs 1-54 above as if set forth fully here.

56. Denied that Ms. Kauffmann participated in any infringement. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and therefore denies those allegations.

ANSWER AND COUNTERCLAIM
Cause No. 2:13-CV-00287

Page 8

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
(p) 206.436.8500 (f) 206.694.2203

57. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 and therefore denies those allegations.

58. Denied that Ms. Kauffmann participated in any infringement. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 58 and therefore denies those allegations.

59. Denied that Ms. Kauffmann participated in any infringement. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 59 and therefore denies those allegations.

60. Denied.

61. Denied.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

62. Defendant repeats each denial of paragraphs 1-61 above as if set forth fully here.

63. Denied that Defendant contributed to any infringing conduct. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 63 and therefore denies those allegations.

64. Denied that Defendant contributed to any infringing conduct. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 64 and therefore denies those allegations.

ANSWER AND COUNTERCLAIM
Cause No. 2:13-CV-00287

Page 9

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
(p) 206.436.8500 (f) 206.694.2203

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## Prayer For Relief

Defendant denies that Plaintiff is entitled to any of the relief prayed for in the Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without undertaking or otherwise shifting any applicable burden of proof.

### Lack Of Standing

Plaintiff is not the real party in interest in this matter and/or does not have sufficient rights to maintain this action. Plaintiff's rights, if any, in the purported copyright fail to confer proper standing on Plaintiff to maintain this action.

### No Infringement

Defendant has not engaged in or contributed to any infringement of the purported copyright.

### Abuse Of Process

Plaintiff's claims are an abuse of process and are being pursued for an improper purpose.

### Misuse Of Copyright

Plaintiff's claims are barred by the doctrine of misuse of copyright based on Plaintiff's improper conduct and actions in bringing and maintaining this and other actions exactly like it around the country.

ANSWER AND COUNTERCLAIM
Cause No. 2:13-CV-00287
Page 10

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
(p) 206.436.8500  (f) 206.694.2203

### Estoppel And Unclean Hands

Plaintiff's claims are barred by the doctrine of estoppel. Even though Defendant had no involvement in any direct or contributory infringement, Plaintiff likely knew the facts of any alleged file-sharing by other defendants or other non-defendants. Plaintiff acted in such manner that other defendants and/or third parties were entitled to, and did, believe that the continued availability of the copyrighted work on BitTorrent was intended by Plaintiff, and any actions to download were induced by, and done in reliance on, Plaintiff's conduct.

### Implied License

Plaintiff's claims are barred by implied license. By making its own copyrighted work available using the BitTorrent protocol to users of that protocol, Plaintiff has conveyed an implied license to the copyrighted work to any users of the BitTorrent protocol.

### Inadequacy Of Copyright Assignment

Plaintiff's purported rights in the copyrighted work, if any, fail to include the right to sue for prior infringements.

### COUNTERCLAIMS

For its Counterclaims against Plaintiff Riding Films, Inc., Defendant Mary Kauffmann asserts as follows:

### THE PARTIES

1.  Defendant/Counterclaimant is an individual residing in this District.

2.  Plaintiff/Counterclaim Defendant Riding Films, Inc. is a Canadian Company with a principal place of business in Burnaby, Canada.

ANSWER AND COUNTERCLAIM
Cause No. 2:13-CV-00287
Page 11
WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
(p) 206.436.8500  (f) 206.694.2203

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202. The counterclaims are so related to the claims asserted by Plaintiff in this action that they form part of the same case or controversy under Article III of the United States Constitution, and arise out of common facts, transactions, or occurrences as provided under Fed. R. Civ. P. 13 and 20.

4.     This Court has personal jurisdiction over Plaintiff. Plaintiff availed itself of this Court's jurisdiction by bringing this action in this District.

5.     Venue in this District is proper over the counterclaims pursuant to 28 U.S.C. § 1391.

## GENERAL BACKGROUND

6.     Plaintiff has brought this and other identical actions in countless other cases in this District as well as many other districts across the country. For example, Riding Films is the named plaintiff in the following cases filed in this District within two days: *Riding Films, Inc. v. Does 1-35, 2:13-cv-00255*; *Riding Films, Inc. v. Does 1-12, 2:13-cv-00256*; *Riding Films Inc v. Does 1-44, 2:13-cv-00277*; *Riding Films Inc v. Does 1-44, 2:13-cv-00278*; *Riding Films Inc v. Does 1-65, 2:13-cv-00287*; *Riding Films Inc v. Does 1-65, 2:13-cv-00288*; *Riding Films Inc v. Does 1-64, 2:13-cv-00289*. None of those other matters were identified as related cases to this matter.

7.     Plaintiff alleges that it is in the business of making and producing films, yet there is no evidence that Plaintiff has, in fact, conducted any business other than filing copyright infringement lawsuits.

8.     Plaintiff is one of at least five different plaintiffs which have all filed almost identical copyright infringement cases in this District using nearly

ANSWER AND COUNTERCLAIM
Cause No. 2:13-CV-00287

Page 12

Whitaker Law Group
1218 Third Avenue, Suite 1809
Seattle, WA  98101
(p) 206.436.8500  (f) 206.694.2203

identical pleadings (including the exact same typographical errors among the several cases). See, e.g., *Kintop Pictures v. Does 1-26*, 2:12-cv-02159; *R & D Film 1, LLC* v. Does 1-46, 2:13-cv-00050; *Riding Films, Inc. v. Does 1-35*, 2:13-cv-00255; *Zembezia Film (Pty.) Ltd. v. Does 1-47*, 2:13-cv-00307; and *Voltage Pictures, LLC v. Does 1-18*, 2:13-cv-00455. All of the different plaintiffs use the same counsel as the instant action.

9. All five of those different plaintiffs have also brought similar actions in other cases around the country. See, e.g., *Kintop Pictures v. Does 1-78,* 12-cv-1210 (MDTN); *R&D Film 1 LLC v. Does 1-20*, 12-cv-5817 (NDIL); *Riding Films Inc. v. Does 1-61*, 13-cv-0018 (SDGA); *Zambezia Film Ltd v. Does 1-17*, 13-cv-0043 (EDTN); and *Voltage Pictures LLC v. Does 1-24*, 13-cv-0463 (NDOH), as well as countless others.

10. In each other district, the actions brought by those other plaintiffs are also brought by the same counsel. See, for example:

(a) In the Middle and Eastern Districts of Tennessee, Klint W. Alexander is counsel of record on: *Voltage Pictures LLC v. Does 1-92*, 13-cv-0132; *Kintop Pictures v. Does 1-78*, 12-cv-1210; *Riding Films Inc. v. Does 1-92*, 12-cv-1247; *R&D Film 1 LLC v. Does 1-96*, 13-cv-0617; and

(b) In the Southern District of Georgia, Nathan C. Belzer is counsel of record on: *Zambezia Film Ltd v. Does 1-33*, 13-cv-0016; *Riding Films Inc. v. Does 1-24*, 13-cv-0020; *R&D Film 1 LLC v. Does-1-37*, 12-cv-0283.

11. In none of the countless cases across the country brought on behalf of the instant Plaintiff, or any of the other plaintiffs, is any relationship between them ever disclosed to the various courts, despite the nearly-uniform

ANSWER AND COUNTERCLAIM
Cause No. 2:13-CV-00287

Page 13

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
(p) 206.436.8500  (f) 206.694.2203

requirement that every entity with a financial stake in the outcome of the litigation must be disclosed. See, L.C.R. 7.1.

12. It is inconceivable that multiple completely unrelated entities all happened to stumble upon the exact same set of plaintiff's lawyers in each of countless different districts around the country.

13. On information and belief, Defendant alleges that discovery will reveal a currently undisclosed entity is, in fact, the real party in interest in this and other similar matters.

## FIRST COUNTERCLAIM
### (Declaratory Judgment Of Non-Infringement)

14. Defendant incorporates by reference all foregoing allegations made in the affirmative defenses and counterclaims as if fully set forth herein.

15. There is an actual and justiciable controversy between the parties regarding the alleged direct and contributory copyright infringement.

16. Defendant has not infringed Plaintiff's alleged copyright. Plaintiff cannot knowingly claim otherwise.

17. Defendant is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that Defendant has not infringed, either directly or contributorily, the purportedly-copyrighted work.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant Mary Kauffmann respectfully requests that this Court issue judgment as follows:

A. That Riding Films, Inc. take nothing by the Complaint and that the same be dismissed with prejudice;

ANSWER AND COUNTERCLAIM
Cause No. 2:13-CV-00287
Page 14

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
(p) 206.436.8500  (f) 206.694.2203

B.  That Plaintiff has misused its copyright and that it should be rendered unenforceable;

C.  That Defendant/Counterclaimant is not liable for directly or indirectly infringing Plaintiff's copyright;

D.  For an award of costs and reasonable attorneys fees incurred in defending this action;

E.  For an award of pre- and post-judgment interest; and

F.  For such other and further relief as the Court deems appropriate.

## JURY DEMAND

Defendant demands a trial by jury on all issues presented in the Complaint and this Answer and Counterclaim.

Dated: May 9, 2013          Respectfully submitted,

*/s/ John Whitaker*
John Whitaker, WSBA No: 28868
WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
Phone (206) 436-8500
Fax (206) 694-2203
*john@wlawgrp.com*

Attorney for Defendant

ANSWER AND COUNTERCLAIM
Cause No. 2:13-CV-00287

Page 15

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
(p) 206.436.8500 (f) 206.694.2203

1 **CERTIFICATE OF SERVICE**

2      I, Anne K. Smart, hereby certify that on the date indicated below, I
3 caused a true and correct copy of the foregoing to be served on all parties who
4 have appeared in this case:

5

6      DATED: May 9, 2013          s/*Anne K. Smart*
                                    Anne K. Smart
7                                   Whitaker Law Group

ANSWER AND COUNTERCLAIM
Cause No. 2:13-CV-00287

Page 16

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA  98101
(p) 206.436.8500  (f) 206.694.2203